THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE MEERSAND, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 20-1084 |
| KILOLO KIJAKAZI,[1] | : | |
| Acting Commissioner of the | : | |
| Social Security Administration, | : | |
| Defendant. | : | |

**<u>MEMORANDUM OPINION</u>**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                    October 28, 2021

This action was brought pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final

decision of the Commissioner of the Social Security Administration (the "Commissioner"), which

denied the application of Michelle Dawn Meersand for Supplemental Security Income ("SSI")

under Title XVI of the Social Security Act, 42 U.S.C. §§ 301, *et seq.* (the "Act").  Presently before

the Court is Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br.")

(Doc. 19), Defendant's Response to Request for Review of Plaintiff ("Def. Br.") (Doc. 20), and

Plaintiff's Brief in Reply (Doc. 21), together with the record of the proceedings before the

Administrative Law Judge ("ALJ") (Doc. 17).   Plaintiff asks the Court to reverse the

Commissioner's final decision and remand her case either for payment of benefits on the current

record or for further administrative proceedings and a new decision.  (Pl. Br. at 9).   The

Commissioner seeks the entry of an order affirming the decision of the ALJ.  (Def. Br. at 1).  For

---

[1]  Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

the reasons set out below, we grant Plaintiff's request for review and remand the case to the Commissioner for further proceedings.

## I.       FACTUAL AND PROCEDURAL HISTORY

Meersand filed an application for SSI on January 16, 2017, alleging disability beginning on November 10, 2016.[2]  She has a high school education, and she was 51 years old on this alleged onset date.  Meersand alleged disability resulting from degenerative disc disease of the cervical spine, peroneal tenosynovitis,[3] subtalar joint osteoarthritis,[4] obesity, depression, and anxiety. Meersand previously worked as an order clerk.

After her application was denied at the state agency level, Plaintiff requested a hearing before an ALJ, which took place on October 5, 2018.  (R. 33).  During this hearing, an impartial vocational expert ("VE") testified.  On November 20, 2018,  the ALJ ruled that Plaintiff was not disabled.  (R. 19).  Plaintiff asked the Appeals Council to review the ALJ's Unfavorable Decision.

---

[2] Meersand previously applied for DIB and SSI on August 8, 2014, alleging disability beginning on July 23, 2014 as a result of lumbar radiculitis joint osteoarthritis, depression, and anxiety.  The Commissioner denied Meersand's initial application.  (R. 62).  She requested a hearing before an ALJ. In an unfavorable decision on November 9, 2016, the ALJ found that although her lumbar radiculitis and subtalar joint osteoarthritis were severe impairments, she had the residual capacity to perform the full range of sedentary work and was capable of performing past relevant work as a clerk.  (R. 62).  Meersand did not seek further review of that decision.

[3] Peroneal tenosynovitis is a form of peroneal tendonitis, a condition in which peroneal tendons in the foot and ankle become inflamed.  *Tendonitis*, Miller-Keane Encyclopedia and Dictionary of Medicine, Nursing, and Allied Health, (7th ed. 2003).  Tenosynovitis occurs when the tendon sheath around the tendon becomes inflamed.  *Tenosynovitis*, Miller-Keane Encyclopedia and Dictionary of Medicine, Nursing, and Allied Health, (7th ed. 2003).

[4] Subtalar joint osteoarthritis, also known as degenerative joint disease, "is a progressive disorder of the joints caused by gradual loss of cartilage and resulting in the development of bony spurs and cysts at the margins of the joints."  *Osteoarthritis*, Miller-Keane Encyclopedia and Dictionary of Medicine, Nursing, and Allied Health, (7th ed. 2003). The subtalar joint is a "plane synovial joint" in the foot "between the inferior surface of the talus and the posterior articular surface of the calcaneus."  *Subtalar joint*, Miller-Keane Encyclopedia and Dictionary of Medicine, Nursing, and Allied Health, (7th ed. 2003).

The Appeals Council responded on September 17, 2019, finding no reason to review the ALJ's decision and denying Plaintiff's request for review.  (R. 8).  This litigation followed.

## II.      STANDARD OF REVIEW

This Court must determine whether substantial evidence supports the Commissioner's decision.   42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003).   Substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of evidence."  *Rutherford*, 399 F.3d at 552.   The factual findings of the Commissioner must be accepted as conclusive, provided they are supported by substantial evidence.  *Richardson*, 402 U.S. at 390 (citing 42 U.S.C. § 405(g)); *Rutherford*, 399 F.3d at 552.  The review of legal questions presented by the Commissioner's decision, however, is plenary.  *Shaudeck v. Commissioner of Social Security Admin*., 181 F.3d 429, 431 (3d Cir. 1999).

## III.     DECISION UNDER REVIEW

In her review, the ALJ had to determine whether Meersand was disabled within the meaning of the Act at any time following her SSI filing on January 16, 2017.  Utilizing the five-step sequential evaluation process set forth in 20 C.F.R. § 404.120(a), the ALJ found at Step One that Meersand had not engaged in substantial gainful activity since January 16, 2017, the date of her application.  (R. 24, Finding No. 1).   At Step Two, she found that some of Meersand's impairments were "severe" within the meaning of the Regulations, including her peroneal tenosynovitis, subtalar joint osteoarthritis, and lumbar radiculitis.  (R. 24, Finding No. 2).   The ALJ then found that Meersand's degenerative disc disease of the cervical spine, obesity, depression, and anxiety were not severe.  (R. 24–26).  The ALJ recognized Meersand's "medically determinable" depressive disorder but determined that the impairment was not "severe" in that she

3

had no more than mild limitation in three of the four broad areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments in 20 CFR, Part 404, Subpart P, Appendix 1: (1) understanding, remembering, or applying information; (2) interacting with others; and (3) concentrating, persisting, or maintaining pace.  (R. 25–26).  At Step Three, the ALJ determined that Meersand did not have an impairment or combination of impairments that meets or medically equals severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1, (20 CFR 416.920(d), 416.925 and 416.926) (R. 26, Finding No. 3).

The ALJ next assessed Meersand's residual functional capacity ("RFC"), which is defined as "the most [a claimant] can still do despite [her] limitations."  20 C.F.R. § 404.1545(a)(1).  She made the following finding:

> **4.      After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except involving no use of foot controls, no balancing on uneven or moving surfaces, no climbing of ladders, ropes or scaffolds, occasional postural activities, no exposure to hazards such as unprotected heights or dangerous machinery, and no exposure to wetness or extreme temperatures.**

(R. 26, Finding No. 4).  The ALJ noted that the record evidence was "insufficient to support any additional limitations in sitting or mental functioning."  (R. 28).  In light of testimony provided by the VE, the ALJ found at Step Four that Meersand was capable of performing her past relevant work as an order clerk (DOT 249.362-026, Sedentary Exertion, SVP 4).  (R. 28, Finding No. 5).  Accordingly, she concluded that Meersand was not disabled.  (R. 28, Finding No. 6).

## IV.      DISCUSSION

Plaintiff urges the court to vacate the decision pursuant to 42 U.S.C. § 405(g) and rule that she is eligible to receive SSI or, alternatively, to remand for further administrative proceedings. Plaintiff sets forth a single issue, arguing that the ALJ failed to account for the impact of mild

mental limitations on her ability to perform relevant past work at Step Four of her evaluation.  (Pl. Br. at 4–9).  Plaintiff claims that in formulating the RFC assessment and in questioning the VE, "the ALJ did not take into account the impact of that mild limitation with regard to understanding, remembering, or applying information, interacting with others, and maintaining [concentration, persistence, or pace] would have on Plaintiff's ability to perform the duties of an order clerk."  *Id.* at 4.  She contends that "this failure to do so represents a reversible and harmful error of law" which "renders the ALJ's step four finding not supported by substantial evidence."  *Id.*

In her decision, the ALJ considered Meersand's claim to suffer from depression and anxiety.  She concluded at Step Two that Meersand's mental condition was not severe.  (R. 25).  However, the ALJ noted that claimant's mental impairment of unspecified depressive disorder was "medically determinable[.]"  (R. 25).  As required, the ALJ subsequently considered the broad functional areas set out in the regulations for the evaluations of mental disorders.  (R. 25).  In examining these four areas, she concluded that Meersand had mild limitations in three of the four broad areas: (1) understanding, remembering, or applying information; (2) interacting with others; and (3) concentrating, persisting, or maintaining pace.  (R. 25–26).  Meersand argues that the ALJ erred in failing to include this medically determinable limitation in her RFC finding and failing to include this limitation in the hypothetical question to the vocational expert upon whom the ALJ relied in determining that she could return to her prior work as an order clerk.

The Commissioner has responded that the inclusion of this limitation was not necessary, because if an impairment is non-severe, "it by definition does not significantly limit a claimant's ability to do basic work activities[,]"  (Def. Br. at 6) (citing 20 CFR § 416.922(a)).  Defendant argues that given the definition of a non-severe impairment that "would have no more than a minimal effect on an individual's ability to work[,]" there was no requirement to include a mental

limitation in the RFC.  *Id.*  We do not find this argument to be particularly convincing.  The Social Security regulations require an RFC assessment to take into consideration all of a claimant's medically determinable impairments, including those not considered severe.   20 CFR §§ 404.1545(a)(2) and 416.945(a)(2).

It is well established in this Circuit that a "hypothetical question posed to a vocational expert must reflect all of a claimant's impairments" that are supported by the record and that "'great specificity' is required when an ALJ incorporates a claimant's mental or physical limitations into a hypothetical." *Ramirez v. Barnhart*, 372 F.3d 546, 554–55 (3d Cir. 2004) (quoting *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987), and *Burns v. Barnhart*, 312 F.3d 113, 122 (3d Cir. 2002)).   Accordingly, judges in this District have consistently held that even mild limitations in the relevant domains of mental functioning must be included in an RFC assessment and hypothetical question posed to the VE that the ALJ relies upon.  *See Green v. Colvin*, 179 F. Supp. 3d 481, 486 (E.D. Pa. 2016); *Metelli v. Berryhill*, 2017 WL 2570913, *1 (E.D. Pa. June 13, 2017); *Benedetto v. Saul*, 2020 WL 5763551, *6-7 (E.D. Pa. Sept. 28, 2020); *Curran v. Astrue*, 2021 WL 5494616, *5 (E.D. Pa. Nov. 13, 2012); Harman v. Astrue, 2012 WL 94617, *2 (E.D. Pa. Jan. 11, 2012); *Washington v. Astrue*, 2009 WL 855893, *1-2 (E.D. Pa. Mar. 31, 2009); *Hefferan v. Berryhill*, Civil No. 17-2720 (E.D. Pa. Apr. 5, 2018) (ordering remand due to ALJ's failure to take account for mild limitations of understanding, remembering, or applying information at Step Four); *Kennedy v. Berryhill*, Civil No. 16-5478 (E.D. Pa. Jan. 23, 2018) (ordering remand due to ALJ's failure to include mild mental limitations when assessing RFC and posing hypothetical questions to VE pertaining to claimant's ability to return to past relevant semi-skilled and skilled work); *Savage v. Berryhill*, Civil No. 17-2548 (E.D. Pa. Jan. 17, 2018) (ordering remand due to ALJ's failure to include mild mental limitation when assessing RFC and posing hypothetical

questions to VE pertaining to claimant's ability to return to past relevant semi-skilled work). Although the ALJ mentioned that evidence was "insufficient to support any additional limitations in sitting or mental functioning[,]" she did not address how her RFC finding could be reconciled with her finding mild limitations in three areas of mental functioning due to medically determinable mental impairments.  (R. 28).  Her RFC finding provided no accommodations for Meersand's mild mental limitations, and her RFC analysis provided no explanation as to why restrictions in this area were not discussed.  (R. 28).  We conclude that this failure to include Meersand's mild mental limitations in her RFC assessment and the hypothetical question posed to the VE constitutes reversible error.

## V.    CONCLUSION

After a thorough review of the record, we find that the Commissioner's final decision, flawed by reversible error, lacks substantial evidence and must remanded under Sentence Four of 42 U.S.C. §405(g).  An appropriate order follows.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE